Opinion by
Mr. Justice Moore.
Plaintiffs in error, to whom we will refer as the plaintiffs, are here on writ of error to review a judgment of the district court for the City and County of 'Denver affirming the findings and award of the Industrial Commission in a proceeding arising out of the Workmen’s Compensation Act.
Hallie L. Richards, to whom we will refer as the claimant, sustained accidental injuries to his head, knee, and back on November 18, 1961. The injuries resulted when the five-ton Diesel snow plow which he was operating on Interstate Highway 25 near Walsenburg, Colorado, overturned. He was caught in the gearshift levers, his head hit against the dashboard, his knee was bruised and his back, feet and legs were twisted and strained. He remained unconscious for a period of time but was finally able to get out of the snow plow and up on the highway where a passing motorist took him to Walsenburg.
Claimant was treated by Dr. Edmonds who took X-rays. His private physician, Dr. James Lamme, Jr., also treated him, as did Norman Holtsell, a chiropractor, who placed him in traction. His condition worsened and after consulting another doctor claimant was examined by Dr. Robert S. Young, an orthopedic specialist. He diagnosed claimant’s difficulty as probably due to disc pressure in his lumbar spine. Claimant was treated conservatively until May 15, 1962, but his symptoms persisted and his condition grew worse. He submitted to surgery by Dr. Young who found a degenerative disc. A spinal fusion was then performed.
On the date of the hearing before the Commission claimant was totally disabled. The sole question is whether we must say, as a matter of law, that the award of benefits entered by the Commission and upheld by the trial court is without adequate support in the evidence. *157 The plaintiffs’ argument for reversal is based upon the testimony of Dr. Young who testified that claimant had a pre-existing osteoarthritic condition of his back. In a hypothetical question in which the details of the accident were restated, the doctor was asked whether they described “* * * the type of accident that could cause the disability that he has now, or aggravate the condition in his back.” The doctor’s answer was, “I think that type of accident, it is possible, could produce an aggravation of the previously existing condition, yes.” In his cross-examination the doctor made the following statement:
“Q. Well now, if he had a back condition the fact that he had this type of accident certainly didn’t help matters any, did it?
“A. No, this could produce an aggravation.”
At the conclusion of his testimony the following occurred:
“Doctor, once more to assure my own self, the symptoms that you found in January, in the absence of a history of injury were nevertheless consistent with an aggravation of this preexisting condition, possible aggravation of this preexisting condition, in your mind?
“A. Yes, sir, and they were consistent with nerve root pressure.”
The claimant testified, inter alia, as follows:
“Q. Now, prior to this accident, Mr. Richards, what history of prior accidents do you have?
“A. Prior to this accident was that one time that I had an accident, I was peeling logs down to size to make a bridge for the Highway Department and I cut my leg, on the inside next to my shin, on the right leg. I never had no trouble with my back and the other accidents never amounted to anything that I ever had with the Highway Department.
“Q. Did you at any time ever injure your back, to your knowledge, outside of this one time?
“A. No, I never have had to miss work or had any in *158 juries to my back since I worked for the Highway Department.
“Q. How long have you worked for the Highway Department?
“A. Well, I went to work in March of 1946.
“Q. What type of work do you do, is it considered as light work or medium work or heavy work?
“A. It is considered heavy work, you plow snow, you build bridges and you handle timbers by hand and patch roads, you are continuously lifting something from one-hundred pounds on among your working time.”
We find no error warranting reversal of the judgment. The situation disclosed by the record is very similar to that shown in the case of Industrial Commission of Colorado, et al. v. Newton Lumber & Manufacturing Company, et al., 135 Colo. 594, 314 P.2d 297, from which we quote the following:
“Every item appearing in the findings of fact and award of the Commission relating to the accident finds support in the testimony of Claimant, which is sufficient to support every material fact necessary to sustain an award in his favor. Claimant had a pre-existing back condition which was aggravated by the accidental injury in July, 1954. Aggravation of pre-existing conditions has long been held to be compensable. Kamp v. Disney, 110 Colo. 518, 135 P.2d 1019. Compensation is not dependent on the state of an employee’s health or his freedom from weakness or latent tendency. Montgomery Ward & Co. v. Industrial Commission, 128 Colo. 465, 263 P.2d 817.
“* * * Obviously Claimant is a qualified and competent witness to testify and relate what happened to him. Medical evidence would have done no more than corroborate or supplement his testimony. Claimant’s sworn statements, if credited by the Commission, were sufficient upon which to predicate an award, particularly where as here the report of the accident submitted by the Employer fully and adequately describes the injury, *159 the hospitalization and related matters. The Commission is a fact finding body and as such is the sole judge of the credibility of the witnesses. Regal Coal Co. v. Jackvich, 105 Colo. 479, 99 P2d 196. No effort was made to contradict any of Claimant’s testimony.
“The absence of medical testimony does not amount to substantial error where as here the facts are established by other competent evidence. It is clear from the record that Claimant was able to work before the accident but not afterward until his condition had been improved by surgery.”
To like effect is the case of The C.F.&I. Corp. v. The Industrial Commission of Colorado, et al., 152 Colo. 25, 380 P2d 28, from which we quote:
“* * * phus, here also there appears sufficient evidence to sustain the finding of an aggravation of a preexisting back condition which resulted in claimant’s operation. In other words, when a workman has a dormant pre-existing physical condition as was proved here, which has not interfered with his ability to do his work, a direct causal connection between a precipitating event and the resulting disability can be proved by lay testimony and without affirmative medical testimony.”
There is sufficient competent evidence to support the findings of the Commission, and the judgment accordingly is affirmed.
Mr. Justice Frantz and Mr. Justice Schauer concur.