No. 21910.

PETER BREIT *v.* THE INDUSTRIAL COMMISSION OF COLORADO, BORDEN'S-CARLSON FRINK COMPANY AND INSURANCE COMPANY OF NORTH AMERICA.
(415 P.2d 858)

Decided June 27, 1966.

MARVIN DANSKY, for plaintiff in error.

YEGGE, HALL, TREECE and EVANS, JAMES C. PERRILL, for defendants in error Borden's-Carlson Frink Company and Insurance Company of North America.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by MR. CHIEF JUSTICE SUTTON.

THIS is a Workmen's Compensation case. The claimant, Peter Breit, applied for compensation for a back injury which allegedly resulted from two accidents while he was working within the scope of his employment as a delivery route salesman for the Borden's-Carlson Frink Company. The Industrial Commission affirmed the denial of his claim by its referee and the district court affirmed the Commission's ruling. Breit seeks a reversal in this court by writ of error.

Three grounds of error are assigned. These may be consolidated into two basic allegations, viz.:

(1) That the order denying compensation was not supported by the evidence; and,

(2) That the order was defective as it failed to make the required findings of fact.

There is no dispute that the claimant suffered a back injury. The conflict centers around the question as to whether the evidence showed that the injury resulted from two accidents which were alleged to have occurred while Breit was performing his duties for his employer.

The record discloses that Breit commenced his employment on November 25, 1963. Some two days prior to this time, he underwent a physical examination which failed to indicate any pre-existing back condition. The claimant testified that thereafter, on November 27th, the first injury occurred while he was loading milk on his refrigerated truck subsequent to his having completed servicing the customers on his daily route. He was being assisted by a training supervisor by the name of Darwin Villhauer. The truck had been backed up to the loading dock where a ramp leading to the rear of the truck was dropped into place. Breit testified that Villhauer was in the back of the vehicle receiving the milk that the claimant was handing to him and that suddenly, the milk truck rolled forward, causing the ramp to fall. Breit asserted that this caused him to lose his balance, and as a result he sustained a back injury. He next asserted that Villhauer asked whether he was all right, to which the claimant replied, "Yeah, I guess so." The record further indicates that Breit testified that he suffered a "consistent little pain" in his back from this episode.

The second claimed accident occurred the following Tuesday, on December 3rd, while Breit was working his route. He testified that he "misstepped running off the step" of the sidewalk and this, in turn, aggravated the condition from the first incident. He claimed that he reported the incident to his supervisor, James E. Sexsmith, who was on a routine check with him. Sexsmith allegedly told him to "see your own doctor."

Two days later, before he was able to see a physician,

Breit received an emergency call to return to his home in Kansas to visit his sister who was critically ill. Thereafter, upon his return to Colorado, he was hospitalized for his condition, but was subsequently dismissed involuntarily when it appeared that the claim would be contested.

The remainder of Breit's evidence consisted of three witnesses who corroborated the fact that he appeared to have been suffering from a back injury after December 3rd. In addition, he had told two of these persons that the injury had occurred while he was employed at Borden's. There was also medical evidence which supported the existence of the alleged injury which Breit's doctors stated could have occurred in the manner as related by the claimant.

Conversely, the respondents introduced evidence which conflicted with the claimant's case on the crucial issues. It may be summarized as follows:

Concerning the date of November 27th, Villhauer stated that a "ramp-falling" incident did occur, but not at the time nor in the manner as explained by the claimant. Villhauer testified that he was in the process of backing the truck, while Breit stood on the dock directing the maneuver. His version was that the ramp was put into place; the truck then rolled forward causing it to drop; and that when Villhauer checked, Breit was still on the dock. This witness specifically denied that there was any conversation concerning an injury. After this incident, the two began loading the vehicle and the truck did not slip again.

Concerning the second incident, James Sexsmith denied that Breit ever reported any injury or pain to him. As a supervisor, he was able to observe the claimant and noted that he walked very briskly and worked very well. The last day that they worked together, ending the period of November 29th through December 4th, Breit "seemed to be working quite freely and doing, performing all of his duties very efficiently."

Thus, contrary to the claimant's contention that the evidence was uncontrovertibly in his favor, the record discloses that there are definite facts which contradict, in a direct manner, his testimony. The referee had to resolve this conflict. He resolved it against the claimant, detailing the pertinent conflicting evidence and finding that Breit failed to establish that:

"* * * he sustained an accident arising out of and in the course of his employment on November 27, 1963 or December 3, 1963, or that the condition complained of resulted from an on-the-job accidental injury with respondent employer."

The burden of proof is on the claimant to substantiate his claim. *Industrial Comm'n v. Havens,* 136 Colo. 111, 118, 314 P.2d 698 (1957). In *Passini v. Industrial Comm'n,* 64 Colo. 349, 171 Pac. 369 (1918), we pointed out that:

"This court may consider only the legal question of whether there is evidence to support the findings, *and not whether the Commission has misconstrued its probative effect.*" (Emphasis supplied.)

And in *Regal Coal Co. v. Jackvich,* 105 Colo. 479, 483, 484, 99 P.2d 196 (1940), the following pertinent language appears:

"* * * the commission is a fact-finding body and as such is the sole judge of the credibility of the witnesses. * * * [E]ven though the testimony of a witness as to certain facts may be uncontroverted by other direct testimony it does not follow that the facts testified to, as a matter of law, must be accepted as uncontroverted facts. * * * It is clear that if a witness testifies to certain things, which, if they exist, are evidence of the ultimate fact sought to be established, and such testimony is controverted by the testimony of another or other witnesses who testify differently on the subject under investigation, a preliminary issue as to the credibility of the witnesses arises. In such cases the court, if the trial be to the court, the jury, if it be to the jury, or,

in the present case, the commission, must first pass upon the credibility of the witnesses to determine the true evidentiary facts."

See also *Hirschfeld v. Industrial Comm'n,* 159 Colo. 350, 411 P.2d 776 (1966). We hold that there was evidence which justified the referee's findings and such will not be disturbed on review.

■■ Claimant's second contention is also without merit. C.R.S. 1963, 81-14-6 provides in part:

"(1) * * * In any event, *if he has not already done so,* the referee shall, following a petition to review his order, make findings of fact which shall include all evidentiary and ultimate facts *necessary to support his order.*" (Emphasis supplied.)

Our review of the referee's order, which was adopted by the Commission, shows a proper summary of the pertinent facts, and that a clear conclusion was derived therefrom. We hold that the order was legally sufficient, and that the mandate of the statute was adequately met.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE McWILLIAMS concur.