■ In the Matter of the Claim of ELVIRA FERRERI, Respondent, v. GENERAL AUTO DRIVING SCHOOL, INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of death benefits on the grounds that the accident did not arise out of and in the course of employment. When this case was previously before us (22 A D 2d 718), we remanded to have the board state which of the conflicting versions of the facts recited in its decision it had ultimately accepted as true. This the board has now done finding that "on the credible evidence in the record * * * on the day of his death interrogation of the decedent had been suspended pending his submission to a lie detector test, and that the fatal attack occurred while decedent and Inspector Walsh were proceeding to the agency located nearby where the test was to be conducted." And that, "the anticipation of the inquiry, the implication of the investigation and the effect of a possible adverse outcome on his very livelihood, the interrogation itself on October 19, 1961, coupled with apprehension created by the imminence of his having to undergo a lie detector test, subjected decedent to severe and undue anxiety and emotional stress and strain greater than that involved in

the ordinary wear and tear of life, and was thus the precipitating factor in the heart attack and death." These findings are supported by substantial evidence and could properly form the basis for the board's conclusion that decedent's death resulted from an industrial accident. (*Matter of Klimas* v. *Trans Caribbean Airways*, 10 N Y 2d 209; *Matter of Hamilton* v. *Transport Workers Union of Greater N. Y., Local 100*, 21 A D 2d 434, affd. 16 N Y 2d 696; *Matter of Goodwin* v. *New York State Workmen's Compensation Bd.*, 20 A D 2d 951.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Staley, Jr., JJ., concur.