No. 22875.

State Compensation Insurance Fund, Town of Jules-
burg, and Industrial Commission of Colorado *v.* Rose
Kindig, Widow and Dependent of Theodore Kindig,
Deceased.
(445 P.2d 72)

Decided September 16, 1968.

Alious Rockett, Francis L. Bury, Feay Burton Smith,
Jr., for plaintiffs in error Town of Julesburg and State
Compensation Insurance Fund.

Duke W. Dunbar, Attorney General, Frank E. Hickey,
Deputy, Peter L. Dye, Assistant, for plaintiff in error
Industrial Commission of Colorado.

L. F. BUTLER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THIS is a workmen's compensation case in which claimant's husband sustained head injuries while at work and died of leukemia 68 days later. The Industrial Commission denied compensation for the death, and this denial was reversed by the trial court, which ordered the Commission to compensate the claimant, who is the widow of the deceased employee. From this reversal, the Commission brings this writ of error.

The claimant's husband was employed as a light plant operator and maintenance man. His hours of employment were from midnight to 8:00 A.M. About 2:00 A.M. on January 28, 1959, he was found injured at work, having sustained two head lacerations. Thereafter, the claimant's husband was either confined to bed at his home or hospitalized until he died of leukemia on April 5, 1959.

The pertinent portion of the Referee's Order reads: "It is further found that there was no causal relationship between decedent's industrial injury and that condition which caused his death and, further, that his head wound neither accelerated nor started his leukemia condition."

The Commission affirmed and adopted the Referee's Order. In reversing the Commission, the trial court found that the evidence established a causal connection between the decedent's head injury and his death, and ordered the Commission to compensate claimant for her husband's death.

The main issue presented to the Commission was whether there was a causal connection between her husband's head injuries and his subsequent death from leukemia. We hold that there is sufficient probative

evidence in the record before the Commission to sustain the denial of compensation for the death of claimant's husband, based on the finding that decedent's head injury did not cause or aggravate his leukemia.

Dr. Allan Hurst, an internal specialist, submitted a medical report, which was received into evidence at the Commission's hearing, in which he gave the following opinion:

"Since this [autopsy] has not been done I cannot feel that the damage done to the brain was a significant contributing factor to this man's subsequent death." When called as a witness before the Commission, Dr. Hurst testified that the above-quoted portion of his opinion should be clarifield by a re-statement: because no post-mortem was performed, he could not express an opinion as to causal or non-causal relationship between the decedent's injury and his death. The trial court found that it was "imperative" to note that this testimony modified Dr. Hurst's previous written opinion. However, the clarification does not change the posture of this case. The modification of the doctor's opinion from non-causality to no opinion as to causality still leaves, unbridged by any evidence, the gap between industrial injury and later death. Dr. Hurst further testified that he was quite certain that there was no relationship between decedent's head injuries and his leukemia, and that in his experience, leukemia is not brought on by trauma.

Claimant's contention is that she established a prima facie case that decedent's head injury accelerated his death. We find no affirmative evidence in the record to support this contention. We therefore hold that the claimant has failed to uphold her burden of proving her rights to compensation by a preponderance of the evidence. *Baca County School District No. RE-6 v. Brown,* 156 Colo. 562, 400 P.2d 663.

We further hold that there is sufficient credible evidence in the record upon which the referee could find

that the cause of death was myelogenous leukemia. But we reiterate that the crucial issue here is causal relationship between injury and death, rather than cause of death.

There is competent evidence to support the Commission's finding that decedent's industrial injury did not cause his death from leukemia, and therefore, this finding was not vulnerable to reversal by the trial court. *Breit v. Industrial Commission,* 160 Colo. 205, 415 P.2d 858.

The trial court erred when it reversed the Commission's order that the death of claimant's husband was not compensable.

The judgment is reversed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE GROVES concur.