No. 23664.

ROBERT C. LEVY, CLAIMANT *v.* EVERSON PLUMBING COMPANY, INC., EMPLOYER, AND STATE COMPENSATION INSURANCE FUND AND THE INDUSTRIAL COMMISSION OF COLORADO.

(468 P.2d 34)

Decided April 20, 1970.

Harry L. Hellerstein, George A. Hinshaw, for plaintiff in error.

Fred B. Dudley, Richard G. Fisher, Jr., Francis L. Bury, for defendants in error Everson Plumbing Company, Inc., and State Compensation Insurance Fund.

Duke W. Dunbar, Attorney General, Peter L. Dye, Assistant, for defendant in error The Industrial Commission of Colorado.

*In Department.*

Opinion by Mr. Justice Lee.

This is a workmen's compensation case. Plaintiff in error, Robert C. Levy, filed his claim for compensation with the Industrial Commission for an injury arising out of an alleged accident which occurred during his employment with Everson Plumbing Company, Inc.

Levy claimed to have injured his upper back on July 28, 1964, while unloading and transferring pipe from a field storage trailer to a truck. No one witnessed the accident. Claimant by his own admission did not report the matter to the foreman in charge of the job, although he did mention it to a co-worker several days afterwards.

His employer was not notified of the claimed accident until November 23, 1964.

The injury purportedly sustained was not sufficient to interfere with Levy's work and he continued on the job until September 15, 1964, when his employment was terminated for lack of work. He then found employment with another plumbing firm where he worked until November 4, 1964.

Levy's testimony indicated that although he worked continuously at his job, the pain in his right arm gradually increased to the point that his ability to work was impaired. He had sought osteopathic treatment, commencing July 31, 1964. Eventually he was referred to an orthopedic surgeon for diagnosis and treatment. Surgery was prescribed and on November 4, 1964, Levy was hospitalized and a cervical laminectomy was performed. Recovery was complete and Levy was released to return to work on December 7, 1964. He has been asymptomatic since then.

There was evidence that Levy had injured his shoulder and back four years prior to the accident of which he complains; and, further, that in the course of his work over the years as a plumber he had prior back difficulties.

Substantial inaccuracies and inconsistencies were developed in the evidence concerning Levy's claim. Two hearings were held before the referee, who entered findings that Levy had failed to sustain the burden of proving that an accident had occurred which arose out of and in the course of his employment. An order was thereupon entered that the claim be denied. Upon petition for review, the Commission approved, affirmed and adopted the referee's findings and order. Claimant filed a second petition for review and the Commission entered its final award denying Levy's claim.

Upon review in the Denver District Court, the final award of the Industrial Commission was affirmed. Levy

seeks reversal of the judgment of the Denver District Court.

As grounds for reversal, Levy contends that the court and the Commission misapplied the law relating to industrial accidents to what he contends are the undisputed facts of this case. We do not agree and therefore affirm the judgment.

The initial question presented to the Commission for determination was whether an accident in fact did occur. This was resolved by the Commission contrary to the claim of Levy. The record amply supports this determination. The Commission as the fact finding body is the sole judge of the credibility of the witnesses and, as such, chose here to disbelieve that, under the circumstances of this case, an accident did in fact occur out of which a compensable claim could be made. *Breit v. Industrial Commission,* 160 Colo. 205, 415 P.2d 858. Here there were no other witnesses to the event out of which the claim arose. Although the testimony of Levy as to what occurred was uncontroverted by other direct testimony, it does not follow that the Commission was, as a matter of law, required to accept those facts as true. The Commission must first pass upon the credibility of the witnesses to determine the true evidentiary facts. *Regal Coal Co. v. Jackvich,* 105 Colo. 479, 99 P.2d 196.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.