■ In the Matter of the Claim of JEANNE M. HANNON, Respondent, v ELLICOTT SQUARE ASSOCIATES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, as amended, filed November 22, 1974. The sole question on this appeal is whether there is substantial evidence to support the decision of the board that "prolonged emotional stress and strain was for the decedent, with his pre-existing hypertensive cardiovascular disease, more than his heart could bear and resulted in a massive intercerebral hemorrhage causing the death of the claimant." On March 31, 1971 the 50-year-old

decedent, the manager for some 13 years of a 10-story office building, collapsed in his office. He died a few hours later in a hospital. The autopsy listed as the cause of death massive intercerebral hemorrhage, coronary and hypertensive heart disease. On February 27, 1971 a portion of the cornice of the building which decedent managed, fell to the sidewalk. It was the contention of the respondent that this incident, coupled with events that followed, brought about the emotional stress and strain which resulted in the decedent's cerebral stroke and death. There was testimony by business associates and employees as to the decedent's anxiety and physical appearance following the collapse of the cornice. Medical testimony was elicited from the cardiologist who attended the decedent on his emergency admission and a consulting cardiologist for the employer. Both doctors agreed that the cause of death was a "massive intercerebral hemorrhage". Both doctors had the testimony of the witnesses before them for examination. The decedent's doctor testified that, in his opinion, after reviewing the record, the decedent was under an unusual amount of emotional strain and that such strain, superimposed upon an existing illness, contributed to his fatal attack. The appellants' medical expert testified that in his opinion the degree of so-called alleged emotional upset was not sufficient to even come close to causing the disease that he had and further felt that the decedent died of natural causes. On this record, the board could and did find that the emotional strain and tension upon the decedent was greater than the countless differences and irritations to which all workers are subjected and, thus, his death was compensable under the Workmen's Compensation Law *(Matter of Klimas v Trans Caribbean Airways,* 10 NY2d 209; *Matter of Ferreri v General Auto Driving School,* 26 AD2d 601, mot for lv to app den 18 NY2d 578). The board, in the exercise of its fact-finding powers, chose to accept the respondent's affirmative opinion on the issue of medical casualty and, on this record, the board's decision is supported by substantial medical evidence and should not be disturbed *(Matter of Currie v Town of Davenport,* 37 NY2d 472; *Matter of Prue v Empire Scrap Metals,* 32 AD2d 680; Workmen's Compensation Law, § 20). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Sweeney, Kane, Larkin and Reynolds, JJ., concur.