■ In the Matter of the Claim of GEORGE PETERS, Respondent, v NEW YORK STATE AGRICULTURAL AND INDUSTRIAL SCHOOL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed September 3, 1976 and February 4, 1977, which found that claimant had suffered an accidental injury in the nature of a severe reactive depression and affirmed an award for total disability for the periods in question and for a partial disability for a time thereafter. Claimant, a child care worker in a training school for delinquent boys, was the sole supervisor of a cottage containing 25 boys when a disruption occurred which has been characterized as a "riot" during which windows and furniture were broken. Police were required to quell the disturbance. Although it is conceded that the claimant suffered no physical injury whatsoever, nor was he struck in any manner, he thereafter became fearful for his life and complained of ill health until his distress became so severe that his physician diagnosed him as a victim of severe anxiety and depression. The board found that the incident of March 2, 1975 heretofore described, precipitated in the claimant a reactive depression which constituted an accidental injury arising out of and in the course of his employment. On the night in question the claimant, although not physically harmed, was threatened and at the time the police arrived the claimant was sweating and shaking and did not feel safe until he saw the police. A phychiatrist described the claimant's disability as "severe, emotional reaction to the events and circumstances described above" and found the claimant to be totally disabled at the time. The psychiatrist who examined claimant on behalf of the carrier found that the incident of March 2, 1975 was the final precipitant of the depressive state. The issue herein is whether psychic trauma which causes psychological injury is compensable under the Workers' Compensation Law. This court has heretofore held that when an incident or series of incidents of employment precipitate a prior pathological disability a compensable accident is established *(Matter of Hannon [Ellicott Sq. Assoc.],* 50 AD2d 1041, mot for lv to app den 38 NY2d 709). The Court of

Appeals has held that psychological and nervous injury precipitated by psychic trauma is compensable to the same extent as any other physical injury *(Matter of Wolfe v Sibley, Lindsay & Curr Co.,* 36 NY2d 505). Substantial evidence and prior case law supports the board's determination and it must be affirmed. Decisions affirmed, with costs to respondents filing briefs. Mahoney, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.