**CITY OF AURORA, Aurora Police Department, Self Insured, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF COLORADO; Charles McGrath, Director of the Division of Labor, Department of Labor and Employment, State of Colorado; Jack R. Bisgard, Respondents.**

No. 84CA0387.

Colorado Court of Appeals, Div. I.

April 25, 1985.

Rehearing Denied May 23, 1985.

Lynch & Dawson, P.C., Suzanne H. Lynch, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Solicitor Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and McGrath.

Patrick L. Dulaney, P.C., Patrick L. Dulaney, Aurora, for respondent Bisgard.

SMITH, Judge.

Employer, the Aurora Police Department (APD), seeks review of a final order of the Industrial Commission finding that claimant suffered from employment induced post-traumatic stress syndrome and awarding claimant temporary total disability. We affirm.

Claimant was employed by the APD from July 29, 1974, until September 8, 1980. From January 17, 1978, to September 9, 1979, claimant was assigned to a unit in which he acted primarily as an undercover narcotics agent. Claimant testified that he believed his life to be in danger during

every undercover transaction and that for his own safety and in order to make arrests he often had to sample the drugs he was purchasing.

Claimant testified that his undercover experiences resulted in chronic tension, anxiety, depression, and paranoia. In addition, claimant began using drugs off duty during this period. Claimant's psychological condition evidently worsened after a fellow officer also involved in off-duty drug use committed suicide in August 1979, and claimant and another officer subsequently became the objects of departmental and CBI investigations of drug related activities within the APD. Claimant was transferred from the undercover unit on September 9, 1979, and went on sick leave from March 25, 1980, until his resignation. No charges were filed against claimant in connection with drug-related activities, apparently because of lack of physical evidence and because the statute of limitations had run on some of his alleged actions.

Claimant's treating psychiatrist diagnosed him as suffering from "severe, chronic post-traumatic stress disorder in a severely decompensated obsessive-compulsive personality." The psychiatrist attributed the majority of this condition to work-related stress and a portion to claimant's underlying personality problems and to the stresses of the CBI and departmental investigations.

An examining psychiatrist diagnosed claimant as suffering from "acute transient situational reaction with marked paranoia and anxiety" which he attributed entirely to the investigations of claimant's drug-related activity. A second examining psychiatrist opined that claimant suffered from post-traumatic stress syndrome which was 20% attributable to the suicide of his colleague and 80% attributable to the investigations. The psychiatrist stated that claimant's current drug use was 75% attributable to his employment. A third examining psychiatrist concluded that it was impossible to determine the extent of claimant's disability because he was "markedly exaggerating his symptoms and his level of functioning," but that there was no evidence to support a diagnosis of post-trau-

matic stress disorder or any other work related disability.

The hearing officer found that claimant suffered from a post-traumatic stress disorder "directly traceable to life threatening events encountered during [his] undercover narcotics work" which did not result from a willful violation of a safety rule, and that claimant's drug use was a consequence of his mental disorder. The hearing officer therefore awarded claimant temporary total disability benefits from March 25, 1980. The Industrial Commission affirmed the award.

On review, the APD contends that there was insufficient evidence to support the Commission's determination that claimant's disability arose from the conditions of employment. We disagree.

In *Casa Bonita Restaurant v. Industrial Commission,* 624 P.2d 1340 (Colo.App. 1981) we recognized the compensability of mental disability resulting from an industrial accident. While we have not directly addressed the compensability of mental disability arising as an occupational disease from the conditions of employment rather than as a result of an accident or physical trauma, no principled ground for denying compensability under such circumstances exists. *See generally* 1B A. Larson, *Workmen's Compensation Law* § 42.23 (1982).

Accordingly, in order to establish the existence of an occupational mental disease, the claimant must establish the elements of § 8–41–108(3), C.R.S. (1984 Cum.Supp.), which states that an occupational disease is:

> "[A] disease which results directly from the employment or the conditions under which work was performed, which can be seen to have followed as a natural incident of the work and as a result of the exposure occasioned by the nature of the employment, and which can be fairly traced to the employment as a proximate cause and which does not come from a hazard to which the worker would have been equally exposed outside of the employment."

A hearing officer is vested with broad discretion in assessing the weight and suf-

ficiency of the evidence in determining whether a claimant has met the burden of establishing the elements of his claim. *Sena v. World of Sleep, Inc.,* 173 Colo. 348, 478 P.2d 671 (1970). The hearing officer's resolution of conflicting evidence is binding on review. *See Eisnach v. Industrial Commission,* 633 P.2d 502 (Colo.App.1981).

Here, while the evidence was in conflict as to the origin of claimant's mental disability, there was ample competent evidence to support the finding that the disability was proximately caused by the unique psychological stresses of undercover narcotics work. This evidence was accordingly sufficient to support the Commission's finding that claimant suffered from a compensable occupational disability.

APD's remaining contentions are without merit.

Order affirmed.

PIERCE and BABCOCK, JJ., concur.