FT. LOGAN MENTAL HEALTH CEN-
TER and State Compensation
Insurance Fund, Petitioners,

v.

Lewis G. WALKER; the Industrial Commission of the State of Colorado; and Charles McGrath, Director of the Division of Labor, Respondents.

No. 85CA0470.

Colorado Court of Appeals,
Div. I.

March 20, 1986.

Rehearing Denied April 17, 1986.

Certiorari Denied (Ft. Logan)
Aug. 25, 1986.

Margaret D. Keck, William J. Baum, Denver, for petitioners.

John Hoyman, P.C., John Hoyman, Greeley, for respondent Lewis G. Walker.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Charles McGrath.

TURSI, Judge.

Ft. Logan Mental Health Center and State Compensation Insurance Fund (petitioners) seek review of a final order of the Industrial Commission which determined that a job-related psychiatric disability suffered by Lewis Walker (claimant) was compensable under the Colorado Workmen's Compensation Act (Act), § 8–41–101, et seq., C.R.S. We affirm.

Claimant was employed as a geriatric nurse at Ft. Logan when he became involved in an altercation with a patient. As a result, claimant's superiors took disciplinary action against him. Subsequently, claimant became severely distressed because he perceived the discipline as unwarranted and unjust. Claimant also experienced a deterioration in a pre-existing hypertension condition which had previously been under control. Because of these problems, claimant consulted, among others, two psychiatrists.

One of the psychiatrists concluded that claimant was suffering from a pre-existing post-traumatic stress disorder which was aggravated by the events at Ft. Logan and recommended that claimant not return to work there. He further opined that the aggravation was disabling and that, absent the subject incidents, claimant would have been able to continue his duties at Ft. Logan.

The other psychiatrist diagnosed claimant as having a pre-existing paranoid personality disorder which was not aggravated by the events at Ft. Logan.

The Commission concluded that claimant sustained an aggravation of a pre-existing psychiatric condition which was caused by a work-related incident and awarded benefits.

On review, petitioners first contend that the manifestation of claimant's pre-existing mental condition is not an injury as contemplated by the Act. We disagree.

■ Our supreme court has held that job-related mental or emotional stress may cause an injury which supports an award for an ensuing disability. *See City of Boulder v. Streeb,* 706 P.2d 786 (Colo. 1985). Further, we have recognized the compensability of mental disability resulting from a job-related incident. *See Casa Bonita Restaurant v. Industrial Commission,* 624 P.2d 1340 (Colo.App.1981). Combining these determinations with the principle that the aggravation of a pre-existing condition is compensable, *see State v. Richards,* 158 Colo. 155, 405 P.2d 675 (1965), we conclude that the manifestation of claimant's condition is within the purview of the Act. *But see Vigil v. Safeway Stores, Inc.,* 555 F.Supp. 1049 (D.Colo.1983); *Luna v. City & County of Denver,* 537 F.Supp. 798 (D.Colo.1982).

■ Petitioners also contend that there is insufficient evidence that the events at Ft. Logan aggravated claimant's condition. Specifically, they contend that Dr. Yost's opinion was insufficient because he failed adequately to explain it. We do not agree.

The alleged omission goes only to credibility, which matter is within the Commission's sole province. Thus, we are bound by its ruling on review. *See Levy v. Everson Plumbing Co.,* 171 Colo. 468, 468 P.2d 34 (1970).

Order affirmed.

BERMAN, J., concurs.

PIERCE, J., dissents.

PIERCE, Judge, dissenting.

I dissent.

Contrary to the holding of the majority, distress over a disciplinary action does not meet the Colorado statutory definition of injury and therefore is not compensable.

Accordingly, I would set aside the Commission's order.

A few more facts will help explain my position. As the majority has stated, the claimant was involved in an altercation with a patient. The patient complained to the hospital administration, and an investigation ensued. As a result, a corrective action against claimant was taken based on the hospital director's conclusion that claimant had failed to comply with standards of efficient performance because his actions increased the power struggle between the patient and himself, rather than decreasing it. Claimant was administratively suspended with pay for five days, changed to another shift, and required to attend an assaultive patient workshop.

Following his suspension, he returned to work. However, he testified that he was "very apprehensive, nervous, and really upset."

Approximately seven weeks after the suspension, claimant consulted a psychiatrist. That psychiatrist testified that the disciplinary action was a major source of stress for claimant who had never been disciplined before in his professional career. Another psychiatrist testified on behalf of the petitioners that claimant had a personality disorder, but he diagnosed it as having existed throughout most of claimant's adult life and opined that the incident involving the patient was a symptom of claimant's disorder, not a cause of it.

The testimony indicated that claimant had pre-existing hypertension. However, the record does not clearly establish that this hypertension was of the type that is responsive to environmental stimuli. Claimant testified that, to his knowledge, he had no hypertension before working at Fort Logan.

The Commission concluded that "but for the incident ... and claimant's resultant perception of the incident, the manifestation of claimant's condition would not have occurred." It ruled that there was an aggravation of a pre-existing psychiatric condition which was caused by a work-related incident.

Cases involving mental disabilities are generally divided into three categories: (1) mental-physical, where a mental stimulus causes physical injury, e.g., *City of Boulder v. Streeb*, 706 P.2d 786 (Colo.1985); (2) physical-mental, where a physical stimulus causes a mental disability; and (3) mental-mental, where a mental disability is caused by a mental stimulus, *In re Claim of Aurora v. Industrial Commission*, 710 P.2d 1122 (Colo.App.1985). *See* 1B A. Larson, *Workmen's Compensation Law*, 42.23 (1985); Troost, *Workers' Compensation & Gradual Stress in the Workplace*, 133 U.Pa.L.Rev. 847 (1985). Within this last category there are two distinct situations: (1) a mental disability which is caused by an identifiable incident of sudden shock, thus resembling an "accident"; or (2) a mental disability which is a result of protracted or gradual mental stimulus such as stress, thereby resembling an occupational disease as in *In re Claim of Aurora, supra*.

Asserted here is a mental disability in the mental-mental category which resembles an "accident." Thus, in order to establish its existence, claimant must establish the elements of § 8–41–108(1), C.R.S., which states that an accident is:

> "[A]n unforeseen event occurring without the will or design of the person whose mere act causes it; an unexpected, unusual, or undesigned occurrence; or the effect of an unknown cause or, the cause being known, an unprecedented consequence of it."

The critical question here is whether claimant's altercation with a patient, or a disciplinary action such as the one that claimant was subjected to, is such an unforeseen or unexpected or unusual occurrence that it could properly support the compensation of a subsequent mental disability. I would rule that it is not.

Situations which typically support compensation of a mental disability resulting from some mental or emotional shock are exemplified by *Chernin v. Progress Service Co.*, 9 N.Y.2d 880, 216 N.Y.S.2d 697,

175 N.E.2d 827 (1961) (taxicab driver developed paranoid schizophrenia after his cab struck a pedestrian); *Pathfinder Co. v. Industrial Commission,* 62 Ill.2d 556, 343 N.E.2d 913 (1976) (worker began suffering from headaches, numbness, and nervousness after seeing a coworker's severed hand); and *Peters v. New York State Agriculture & Industrial School,* 64 A.D.2d 749, 406 N.Y.S.2d 638 (1978) (child-care worker suffered severe emotional reaction to a riot by twenty-five delinquent boys who were under his supervision).

I am aware that a previous statutory definition linking accident and injury to trauma was entirely eliminated by a 1965 statutory amendment. *See T & T Loveland Chinchilla Ranch v. Bourn,* 173 Colo. 267, 477 P.2d 457 (1970). However, the current statute nevertheless requires an "unexpected" or "unusual" occurrence. A disciplinary action or an altercation with a mental patient, not being out of the ordinary in the circumstances of claimant's employment, does not meet this criterion.

I would further note that the Commission's application of a "but for" test is not the appropriate test. A claimant in a workmen's compensation case has the burden of proving entitlement to benefits by a preponderance of evidence. *Boulder v. Streeb, supra.* Use of a "but for" test lessens that burden because it weakens the requirement that claimant prove that the existence of a contested fact is more probable than its nonexistence. *See Industrial Commission v. Jones,* 688 P.2d 1116 (Colo. 1984).

Therefore, under the circumstances at issue, the Commission erred in concluding that claimant had sustained a compensable industrial injury.