Deborah Jacobs CARY, Petitioner,

v.

CHEVRON U.S.A., INC., and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 92CA1319.

Colorado Court of Appeals,
Div. I.

July 15, 1993.

Rehearing Denied Aug. 19, 1993.

Certiorari Denied Jan. 31, 1994.

Deborah Jacobs Cary, pro se.

Holland & Hart, Brian Muldoon, Denver, for respondent Chevron U.S.A., Inc.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James C. Klein, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Opinion by Judge MARQUEZ.

The claimant, Deborah Jacobs Cary, brings this *pro se* challenge to a final order of the Industrial Claim Appeals Panel denying and dismissing two separate claims (WC 3–926–397 and WC 4–001–727), as well as a petition to reopen an earlier claim (WC 3–782–907). The Panel affirmed an order of the Administrative Law Judge (ALJ) finding that claimant had waived all rights to any additional workers' compensation benefits in a prior settlement with the respondent-employer, Chevron U.S.A., Inc. We affirm.

While employed by Chevron, claimant sustained an initial work injury to her back on May 8, 1985, which became the subject of WC 3–782–907. On January 9, 1987, the claimant, while represented by legal counsel, entered into a final settlement and release in regard to that claim. However, on September 21, 1987, claimant filed a petition to reopen that claim alleging, *inter alia*, that she had been mistaken as to the scope and terms of the settlement agreement. In addition, on May 10, 1988, she filed a second claim under WC 3–782–907, alleging a separate work injury for carpal tunnel syndrome.

Claimant then filed a separate claim for compensation against Chevron, WC 3–926–397, on December 28, 1988, alleging she had sustained injuries in a work-related automobile accident in December 1985. She filed a third claim, WC 4–001–727, again against Chevron, on December 6, 1990, alleging a stress-related work injury stemming, in part, from the cumulative effect of all the prior alleged injuries.

Chevron contested liability on grounds that the claimant had waived all rights to any additional workers' compensation benefits under the terms of the January 1987 settlement and release. The separate claims were consolidated for hearing, and the ALJ, after a lengthy evidentiary hearing, entered an order denying and dismissing all claims for additional compensation. The Panel affirmed.

Claimant argues essentially that the Panel and ALJ misconstrued the evidence in rejecting her petition to reopen and in dismissing her other two claims for compensation. We find no error.

The evidence in this case was highly conflicting, and the ALJ made detailed findings of fact resolving the conflict in favor of Chevron.

Claimant's reliance on *Padilla v. Industrial Commission,* 696 P.2d 273 (Colo.1985), for a contrary result is unavailing. Subsequent to the decision in *Padilla,* the General Assembly amended the statute governing settlements to include the following language:

> If such settlement provides by its terms that [a] claim or award shall not be reopened, such settlement shall not be subject to being reopened under any provisions of articles 40 to 54 of this title other than on the ground of fraud or mutual mistake of material fact.

Colo.Sess.Laws 1985, ch. 77 at 355 (now codified as § 8–43–204, C.R.S. (1992 Cum. Supp.)).

Consistent with the foregoing language, the settlement in this case contained language waiving the claimant's right to reopen her claim on grounds other than fraud or mutual mistake of material fact.

A mutual mistake is one which is reciprocal and common to both parties to an agreement, and both parties must share the same misconception as to the terms and conditions of the agreement. *See Maryland Casualty Co. v. Buckeye Gas Products Co.,* 797 P.2d 11 (Colo.1990).

In this case, the ALJ considered and rejected claimant's allegations that she did not know at the time of settlement she had waived her rights and settled her claims regarding carpal tunnel syndrome and other job-related claims. There is substantial, albeit conflicting evidence, to support the ALJ's determination that claimant was involved in the settlement negotiations; that she was fully advised of the legal significance of the settlement stipulation and knew exact-

ly what she was doing in settling all of her work-related claims; and that she was not subject to fraudulent inducement, duress, or undue influence.

 An appellate court cannot decide the facts. *Martinez v. Regional Transportation District*, 832 P.2d 1060 (Colo.App.1992). We are bound by the ALJ's factual determinations, even when the evidence is conflicting and would have supported a contrary result. Section 8–43–308, C.R.S. (1992 Cum.Supp.); *Hatterman v. Industrial Commission*, 171 Colo. 370, 467 P.2d 820 (Colo.1970).

In determining the facts, the ALJ is not required to accept testimony which is unrefuted or uncontroverted medical evidence. *Levy v. Everson Plumbing Co.*, 171 Colo. 468, 468 P.2d 34 (1970); *Savio House v. Dennis*, 665 P.2d 141 (Colo.App.1983).

Moreover, while the interpretation of a written contract is a question of law, we find no merit in the claimant's suggestion that the settlement stipulation granted her a one-year period in which to file a petition to reopen.

If the language used in a written instrument is plain, clear and no absurdity is involved, a court must enforce the instrument as written. *Three G Corp. v. Daddis*, 714 P.2d 1333 (Colo.App.1986).

Here, although the settlement stipulation provided for the payment of medical, surgical, and hospitalization expenses incurred within one year of the date of settlement, the agreement specifically and unambiguously waived the claimant's right to reopen her claim:

> Claimant realizes that if in the future, her condition becomes worse, or if she seeks, for whatever reason, additional benefits, she has the right under the Workmen's Compensation Act of Colorado to ask that this claim be reopened or reviewed. Claimant rejects, waives and forever gives up such right to reopen or review her claim, except on the grounds of fraud or mutual mistake of material fact.

We have considered the claimant's remaining arguments and find them to be without merit.

Order affirmed.

STERNBERG, C.J., and PIERCE, J., concur.