**IMPERIAL HEADWARE, INC., and Liberty Mutual Insurance Company, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado, and Thim Keo Ly, Respondents.**

No. 00CA0464.

Colorado Court of Appeals, Division II.

Oct. 26, 2000.

Law Offices of Jonathan S. Robbins, Jonathan S. Robbins, Denver, CO, for Petitioners.

No Appearance for Respondent Industrial Claim Appeals Office of the State of Colorado.

Stuart J. Carr, P.C., Stuart J. Carr, Englewood, CO, for Respondent Thim Keo Ly.

Opinion by Judge NIETO.

Petitioners, Imperial Headware, Inc., and its insurer, Liberty Mutual Insurance Company, seek review of a final order of the Industrial Claim Appeals Office (Panel) determining that they were obligated to reinstate payment of temporary total disability benefits (TTD) to Thim Keo Ly (claimant) after February 19, 1998. We affirm.

Claimant sustained an injury on January 9, 1998, and subsequently began treatment with an attending physician. She began physical therapy as part of treatment, but missed several appointments. On February 18, 1998, the attending physician issued a report stating that claimant was able to return to her former occupation without restrictions. The report was a form on which the physician answered "yes" or "no" to a series of questions, and in the comments section, he wrote "medical noncompliance."

■ Petitioners contend that the Panel erred in affirming the determination by the Administrative Law Judge (ALJ) that claimant was entitled to continuing TTD. They argue that the treating physician's report releasing claimant to normal employment was not subject to interpretation by the ALJ, and that only a subsequent report recanting such release is sufficient to reinstate TTD benefits. We disagree.

■ Section 8–42–105(3)(c), C.R.S.2000, mandates termination of TTD benefits if "[t]he attending physician gives the employee a written release to return to regular employment." The ALJ may not disregard the attending physician's opinion that a claimant is released to return to regular employment. *Burns v. Robinson Dairy, Inc.*, 911 P.2d 661 (Colo.App.1995).

■ However, if there is conflict in the record regarding a claimant's release to return to regular employment, the ALJ must resolve the conflict. *See Burns v. Robinson Dairy, Inc., supra* (ALJ may not disregard attending physician's release to regular employment unless there are conflicting opinions from attending physicians); *Bestway Concrete v. Industrial Claim Appeals Office,* 984 P.2d 680 (Colo.App.1999) (opinion of the attending physician carries conclusive effect, but the ALJ must resolve conflicting evidence regarding whether a physician is an attending physician for purposes of § 8–42–105(3)(c)).

■ The determination of whether a claimant has been released to return to work by the attending physician is a question of fact. *See Popke v. Industrial Claim Appeals Office,* 944 P.2d 677 (Colo.App.1997). Thus, the ALJ has the discretion to resolve conflicts in the physician's report. *See Blue Mesa Forest v. Lopez,* 928 P.2d 831 (Colo. App.1996)(when treating physician issues conflicting opinions concerning maximum medical improvement, it is for the ALJ to resolve such conflict). An ALJ's factual determinations are binding on review if there is substantial evidence in the record to support them. *Cary v. Chevron U.S.A., Inc.,* 867 P.2d 117 (Colo.App.1993).

Here, the attending physician's February 18, 1998, report contained an internal conflict. On the one hand, it said claimant was able to return to work, but, on the other hand, it was based, at least in part, on "medical noncompliance," an issue unrelated to claimant's ability to return to regular employment. *See* § 8–42–105(2)(c), C.R.S.2000 (providing for suspension rather than termination of temporary disability benefits for failure to keep medical appointments). Based on these facts, the ALJ found there was a conflict in the attending physician's opinion.

Having found this conflict in the report, the ALJ then considered the physician's opinion of January 26, 1998, that the claimant was not then able to return to work. The ALJ found there was conflict between the ambiguous February 18, 1998, physician's report and his opinion given on January 26, 1998. The ALJ resolved the conflict and concluded that claimant had not been released to return to regular employment.

■ The record supports the ALJ's findings of fact resolving that conflict. We agree with the ALJ's conclusion that the attending physician's report created conflicting inferences as to whether the claimant had been released to return to work. The conflict in

the report had to be resolved by the ALJ because the remedy for "medical noncompliance" is to suspend TTD benefits, while termination of TTD benefits is required if the claimant is able to return to regular employment. Section 8–42–105(2)(c) and (3), C.R.S. 2000. After the ALJ found the internal conflict in the attending physician's February 18, 1998, report, it was appropriate to consider the earlier report in order to resolve the conflict.

■ We hold that an attending physician's report that unequivocally states the physician's medical opinion that claimant is released to return to regular employment is to be given conclusive effect, but a report that has an internal conflict is subject to interpretation by the ALJ. Here, the internal conflict created by the reference to "medical noncompliance" was sufficient to permit the ALJ to examine the issue and resolve the conflict. Since the ALJ's resolution of the conflict has support in the record, it will not be disturbed on review. *Cary v. Chevron U.S.A., Inc.,* *supra.*

The order is affirmed.

Judge PLANK and Judge TAUBMAN concur.