## No. 22343.

COLORADO SPRINGS MOTORS, LTD. AND GLOBE INDEMNITY COMPANY *v.* INDUSTRIAL COMMISSION OF COLORADO, AND FRANCIS T. SCHUTTE.

(441 P.2d 21)

Decided May 6, 1968.    Rehearing denied June 10, 1968.

COIT and WALBERG, for plaintiffs in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Peter L. Dye, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by Mr. Justice Kelley.

This is a workmen's compensation case. It is here by writ of error to review the judgment of the District Court in and for the City and County of Denver affirming the findings and award of the Industrial Commission. The commission, pursuant to C.R.S. 1963, 81-14-19, entered an order reopening the claim of defendant in error Francis T. Schutte upon the ground of "a change in condition."

It is conceded that the original injury to claimant's lower back was incurred in the course of his employment by Colorado Springs Motors, Ltd., on July 28, 1961. There is no issue as to the timeliness of the order reopening the case.

The single assignment of error is:

"That there is no evidence to support the Referee's findings that purport to relate the 1964 symptoms to the 1961 accident; consequently the claim should not have been reopened."

The referee found and the commission, upon review, "approved, affirmed and adopted" the finding that "Claimant's history, clinical observation and surgery clearly relate claimant's condition to his July 28, 1961 accident."

The claimant and his surgeon both testified to facts which, if believed by the commission, were sufficient to support the finding. Neither the employer nor the insurance carrier introduced any evidence. The plaintiffs in error argue that the testimony of the claimant's medical expert is internally inconsistent, so, therefore, "it is not logically possible * * * for the Referee to say,

'now I believe the doctor' and 'now I don't believe the doctor.' "

We will concede for the purposes of this discussion that plaintiffs in error are correct in their assessment of the doctor's testimony. However, it must be remembered that the commission is the fact finder in the process of decision making in workmen's compensation cases. It always devolves upon the finder of the fact to evaluate the evidence and to determine the credibility of witnesses. This process must be applied to the whole of the testimony of each witness and it may be applied to the parts which form the whole of a witness' testimony. Mr. Justice Stewart, in *Banks v. Chicago Grain Trimmers Association, Inc.*, 390 U.S. 459, 88 S. Ct. 1140, 20 L.Ed.2d 30, a case arising under the Longshoremen's and Harbor Workers' Compensation Act, answered a similar argument with this statement:

"* * * While some of the testimony of the petitioner's medical expert was arguably inconsistent with other parts of his testimony, it was within the province of the Deputy Commissioner to credit part of the witness' testimony without accepting it all."

Under the circumstances presented by the record before us the district court had no choice but to affirm the award of the commission. Neither do we.

The Industrial Commission found "that it is too early to determine his permanent but partial disability, if any" and awarded compensation for temporary partial disability "beginning June 29, 1964 and continuing thereafter until further order of the Industrial Commission * * *."

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE PRINGLE concur.