No. 24032.

Joseph Sena *v.* World of Sleep, Inc. and State Compen-
sation Insurance Fund and The Industrial Commission
of Colorado, I.C. No. 1-968-229.
(478 P.2d 671)

Decided December 28, 1970.

George T. Ashen, Marshall A. Fogel, for plaintiff in
error.

Fred B. Dudley, Richard G. Fisher, Jr., for defendants

in error World of Sleep, Inc. and State Compensation Insurance Fund.

Duke W. Dunbar, Attorney General, Peter L. Dye, Assistant, for defendant in error Industrial Commission of Colorado.

En Banc.

Mr. Justice Kelley delivered the opinion of the Court.

This is a Workmen's Compensation case. The referee found that claimant, Joseph Sena, failed to establish that he sustained an accident arising out of and in the course of his employment on June 28, 1966, or that the condition complained of resulted from accidental injury. Accordingly, he denied Sena's claim for compensation. On review, the Industrial Commission affirmed and adopted the order of the referee. On certiorari the district court affirmed.

Claimant is here on writ of error seeking reversal of the judgment of the district court alleging,

"It was error on the part of the Court to refuse to reverse the findings of the Industrial Commission on the grounds that the evidence as presented at the hearing was substantial and did prove that the Claimant sustained an accident arising out of and in the course of his employment on June 28, 1966; and that the condition of injury complained of by the Claimant was as a result of the said accident."

The sole issue for our consideration is whether the evidence before the Commission was such that it must be said that, as a matter of law, the claimant should be awarded compensation.

The claimant and his brother-in-law testified as to how the alleged accident occurred. One of the owners of World of Sleep, the employer, testified to a two and one-half hour conversation which he had with the claim-

ant in the late afternoon of the day on which the alleged *accident* occurred. During this conversation the employer stated that he was expressing some dissatisfaction with claimant's performance which was not up to its former standard. He related that at no time during the conversation did the claimant mention having had an accident, nor did he complain of any injury to his back.

The claimant who, at the time of injury was about thirty years of age, had been a truck driver for several years and consequently, had done much heavy lifting. One of the medical experts testified that the claimant stated to him that claimant was unable to pinpoint one particular accident as being responsible for his lower back condition. The doctor opined that claimant's condition was the culmination of many years of heavy lifting.

There was also medical testimony which attributed the injury to an alleged accident. The evidence was conflicting and would have supported either an award for compensation or the "no-award" which was in fact rendered.

■■ We find that there was sufficient competent evidence upon which the Commission could arrive at its decision of "no award," and consequently, we affirm. As in most litigation, there was conflicting evidence. Those conflicts must be resolved by the trier of fact, which in this case is the Commission.

■ Mr. Justice Lee, in *Levy v. Everson Plumbing Company*, 171 Colo. 468, 468 P.2d 34, aptly stated the law which is applicable to the situation in which the claimant here finds himself, when he said,

"* * * The commission as the fact finding body is the sole judge of the credibility of the witnesses and, as such, chose here to disbelieve that, under the circumstances of this case, an accident did in fact occur out of which a compensable claim could be made. Here there were no other witnesses to the event out of which the claim arose. Although the testimony of Levy as to what

occurred was uncontroverted by other direct testimony, it does not follow that the commission was, as a matter of law, required to accept those facts as true. The commission must first pass upon the credibility of the witnesses to determine the true evidentiary facts."

*See also Colorado Springs Motors v. Industrial Commission,* 165 Colo. 504, 441 P.2d 21; *Breit v. Industrial Commission,* 160 Colo. 205, 415 P.2d 858. The law in these cases is dispositive of the issue presented by this appeal.

The judgment is affirmed.