**STEPHEN EQUIPMENT COMPANY and John Deere Insurance Company, Petitioners,**

v.

**Mike L. BACA and Gary B. Rose, as members of the Industrial Commission of the State of Colorado; The Industrial Commission of the State of Colorado; Charles McGrath, Director of the Division of Labor; and Claimants in the Matter of the Death of Leon Kliesen, Respondents.**

**No. 84CA1335.**

Colorado Court of Appeals,
Div. I.

June 6, 1985.

Watson, Nathan & Bremer, P.C., Peter Watson, Christina M. Habas, Denver, for petitioners.

DeMoulin, Anderson, Campbell & Laugesen, P.C., Thomas M. Schrant, Denver, for respondents claimants in the Matter of the Death of Leon Kliesen.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., Denver, for respondents Mike L. Baca, Gary B. Rose, Indus. Com'n and Charles McGrath.

STERNBERG, Judge.

The employer, Stephen Equipment Company, and the insurer, John Deere Insurance Company, seek review of a final order of the Industrial Commission awarding the widow of the deceased, Leon Kliesen, death benefits. We affirm.

Kliesen was employed as a service manager, a primarily supervisory position involving little strenuous physical activity. On June 19, 1981, he suffered a fatal myocardial infarction while attempting to load a 150-pound tool chest into his truck. According to the testimony of the widow and of a co-worker, Kliesen was bringing the tool chest to work because he had agreed to help the shop mechanics he supervised catch-up on their work during a period of unusually heavy activity. The president of the employer denied that such an agreement existed.

The hearing officer awarded the widow death benefits, finding that Kliesen's death was the result of a heart attack proximately caused by unusual exertion arising from his employment. The Commission affirmed the order.

## I.

On review, the petitioners first contend that it was error to admit testimony by the widow and Kliesen's co-worker of Kliesen's statements concerning his intention to bring his tool box to work and of his agreement to help out the shop mechanics. We disagree.

Section 8–53–115, C.R.S. (1984 Cum. Supp.) provides that the Colorado Rules of Evidence are applicable to workmen's compensation hearings. Under CRE 803(3), the hearsay rule, CRE 802, does not operate to exclude statements of the declarant's own contemporaneous mental condition, including intent, plan, or design. *See Morrison v. Bradley*, 655 P.2d 385 (Colo.1982); *see also Detroit Police Officer's Ass'n v. Young*, 608 F.2d 671 (6th Cir.1979).

The disputed testimony concerned Kliesen's statements of his then existing intention to bring his tools to work in order to assist the shop mechanics with their work. In view of the absence of any circumstances indicating an ulterior purpose on the part of Kliesen in making the statements or that the statements were not made in the usual course of events, there was no error in admission of the statements. *See Morrison v. Bradley, supra.*

## II.

The petitioners contend in addition that there was insufficient evidence that Kliesen's death resulted from unusual exertion arising from his employment to sustain the award. Again, we disagree.

The Commission is vested with broad discretion in assessing the weight and sufficiency of the evidence in determining whether a claimant has met his burden of establishing the elements of his claim. *Sena v. World of Sleep, Inc.*, 173 Colo. 348, 478 P.2d 671 (1970). Section 8–41–108(2.5), C.R.S. (1984 Cum.Supp.) provides that death caused by heart attack is not com-

pensable "unless it is shown by competent evidence that such heart attack was proximately caused by unusual exertion arising out of and within the course of employment."

There was medical evidence presented that Kliesen's heart attack was triggered by the unusual exertion of lifting his tool box into his truck, and there was evidence that he was putting his tool box in his truck to assist other employees during a particularly busy period. This evidence was sufficient to sustain the award. *See Denver v. Industrial Commission*, 195 Colo. 431, 579 P.2d 80 (1978).

Order affirmed.

PIERCE and BERMAN, JJ., concur.