SMITH and KELLY, JJ., concur.

C. Carlton SMITH, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE of Colorado; Shull Construction Company; and West American Insurance Company, Respondents.

No. 86CA0958.

Colorado Court of Appeals,
Div. II.

Dec. 24, 1986.

Rehearing Denied Jan. 29, 1987.

Certiorari Denied (Smith) April 20, 1987.

John Shanley, Pueblo, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Assistant Atty. Gen., Denver, for Respondent Indus. Com'n.

Anderson, Campbell and Laugesen, P.C., Gregg C. McReynolds, Denver, for respondents Shull Const. Co. and West American Ins. Co.

STERNBERG, Judge.

Workmen's Compensation claimant, C. Carlton Smith, seeks review of a final order of the Industrial Commission denying his claim for vocational rehabilitation benefits and awarding permanent partial disability benefits. We affirm.

On September 30, 1982, while acting within the scope and course of his employment as a carpenter, claimant nearly severed his left thumb. Temporary disability benefits were paid commencing October 1, 1982.

On April 15, 1985, claimant represented himself at the hearing to determine issues of additional temporary disability benefits, permanent disability benefits, and entitlement to vocational rehabilitation services. The hearing officer awarded benefits for permanent partial disability consisting of 4% as a working unit. Claimant's requests for additional temporary total disability benefits and vocational rehabilitation services were denied. The hearing officer found that the employer was willing to rehire the claimant; however, the claimant did not wish to do carpentry work any more. Thus, the hearing officer held that the claimant would not be entitled to vocational rehabilitation services. The Industrial Commission affirmed the decision of the hearing officer as being supported by competent and substantial evidence.

Claimant initially contends the Industrial Commission erred in upholding the denial of vocational rehabilitation benefits. He alleges the reasons given by the hearing officer were unsupported by the evidence and insufficient as a matter of law. We disagree.

Section 8–49–101(4) C.R.S. (1986 Repl. Vol. 3B) provides that an injured employee is entitled to vocational rehabilitation services when, as a result of his injury, "he is unable to perform work for which he has previous training or experience." Industrial Commission Rule V(b)(3), 7 Code Colo. Reg. 1101–3, promulgated to effectuate the statute, provides that a qualified worker for such benefits is one who "is permanently precluded from engaging in his/her usual and customary occupation and is unable to perform work for which the individual has previous training or experience...."

The issue whether the injured worker is permanently precluded from engaging in his usual and customary occupation and is unable to perform work for which he has previous training or experience is a question of fact. *Timberline Sawmill & Lumber, Inc. v. Industrial Commission*, 624 P.2d 367 (Colo.App.1981). Accordingly, the Commission's resolution of the issue, if supported by substantial evidence, is binding upon this court. *Sena v. World of Sleep, Inc.*, 173 Colo. 348, 478 P.2d 671 (1970); *Southwest Investment Co. v. Industrial Commission*, 650 P.2d 1355 (Colo. App.1982).

■ The evidence here establishes that the injury to claimant's thumb neither permanently precludes him from engaging in his usual and customary occupation, nor has it rendered him unable to perform work for which he has previous training or experience. Hence, because substantial evidence exists in the record to support the Commission's conclusion that claimant is not entitled to vocational rehabilitation benefits, we are bound by that determination.

Claimant next contends the Commission erred in considering evidence of his income from his rental properties as a factor in determining his post-injury earning capacity. Again, we disagree.

■ In determining permanent partial disability under § 8–51–108(1)(b) C.R.S. (1986 Repl. Vol. 3B), the hearing officer may consider post-injury earnings as one of the factors. *Vail Associates, Inc. v. West*, 661 P.2d 1187 (Colo.App.1982), *aff'd*, 692 P.2d 1111 (Colo.1984). Here, the record reflects that the hearing officer considered all of the relevant factors set forth in the statute. Claimant spent a substantial amount of time managing and maintaining the rental properties in order to maximize his rental income. Thus, it was not error to consider the amount by which his efforts subsequent to termination of employment increased his rental income as one factor in arriving at a percentage disability figure. The award of permanent partial disability benefits is supported by substantial evidence, and we will not disturb the Commission's determination.

Finally, claimant maintains he was denied due process because he was not provided a copy of the vocational evaluation report, was not given an opportunity to testify in his own behalf, and because respondent's attorney communicated *ex parte* with the hearing officer. We disagree with these contentions.

■ Even though a copy of the vocational evaluation report was not furnished to claimant, he had an opportunity to examine and to present his objections to the report prior to entry of the hearing officer's order. Because claimant was allowed to state his objections to the report, we find no procedural irregularity affecting claimant's substantial rights. *See* § 8–53–122, C.R.S. (1986 Repl. Vol. 3B).

■ Despite claimant's contention that he was not allowed to testify on his own behalf, the record reflects he was the only witness at the hearing. Pursuant to § 8–53–103(1)(h), C.R.S. (1986 Repl. Vol. 3B), the hearing officer has the power to control the course of the hearing. We detect no procedural irregularity in allowing the hearing officer to elicit the pertinent information from a *pro se* claimant. Such procedure constitutes an effective use of time and resources. No error results from the manner in which the hearing was conducted.

■ In response to a written inquiry by the hearing officer, respondent's attorney wrote a letter indicating he "believe[d] both

parties [were] ready for an order." We conclude such correspondence does not constitute *ex parte* communications as alleged by claimant, and further conclude that such communication did not represent a denial of due process.

Order affirmed.

SMITH and VAN CISE, JJ., concur.