**James FREILINGER, Petitioner,**

v.

**GATES RUBBER COMPANY; the Industrial Commission of the State of Colorado; Director, Division of Labor, Respondents.**

**No. 85CA1579.**

Colorado Court of Appeals,
Div. I.

Jan. 15, 1987.

vocational rehabilitation benefits. We affirm.

Claimant was employed by Gates Rubber Company (Gates) for approximately six years. In early 1983, however, he was laid off because of a lack of work, and secured employment with Perkins Restaurant (Perkins). While employed at Perkins, he sustained a compensable injury to his low back and was awarded a 4% working unit permanent disability as a result of that injury.

In late 1983, claimant was recalled by Gates and underwent a physical examination before returning to his previous position. On February 14, 1984, claimant sustained another compensable back injury for which Gates admitted liability.

In June 1984, his treating physician permanently restricted claimant from lifting more than twenty pounds or carrying more than thirty pounds. Gates then terminated claimant from its employ on the ground that he was physically unable to perform his job duties.

About the time of claimant's termination, his treating physician reported that claimant's permanent disability was attributable solely to the Perkins' accident, and that the injury he sustained while employed at Gates did not result in any further disability.

After an evidentiary hearing upon claimant's workmen's compensation claim, the hearing officer awarded claimant temporary partial disability benefits and, based upon the treating physician's report, specifically "denied and dismissed" any claim for permanent disability. Nevertheless, finding that claimant was "unable to return to work for which he has previous training and experience," the hearing officer determined that he was entitled to be evaluated for vocational rehabilitation benefits.

Claimant accepted the hearing officer's denial of permanent partial disability benefits and sought no review of that decision; thus, he is bound by that finding. Gates, however, appealed to the Commission, seeking to have set aside the determination that claimant might be eligible for vocational rehabilitation benefits.

Douglas R. Phillips, Denver, for petitioner.

Glasman, Jaynes & Carpenter, Ronald C. Jaynes, Susan D. Steninger Knisley, Denver, for respondent Gates Rubber Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Director, Div. of Labor.

CRISWELL, Judge.

Claimant, James Freilinger, seeks review of a final order of the Industrial Commission (Commission) denying his claim for

The Commission concluded that, since claimant had sustained no permanent disability from his injury at Gates, any effect of that injury had to be only temporary. Therefore, it reasoned, his permanent inability to perform his job at Gates was attributable to the effects of his Perkins' injury, so that Gates was not liable for vocational rehabilitation benefits.

Claimant, relying upon this court's decision in *Timberline Sawmill & Lumber, Inc. v. Industrial Commission*, 624 P.2d 367 (Colo.App.1981), argues that a claimant need not be found to be entitled to permanent disability benefits in order to be entitled to receive vocational rehabilitation benefits. Thus, he asserts, since there is record evidence supporting the hearing officer's award of rehabilitation benefits, the Commission improperly set aside that award. In light of the record here, we disagree.

Section 8–49–101(4), C.R.S. (1986 Repl. Vol. 3B), grants vocational rehabilitation benefits to an industrially injured employee:

"when, as the result of the injury ..., he is unable to perform work for which he has previous training or experience."

■ This statute, in referring to an employee's inability to perform work he was previously capable of performing, obviously contemplates a permanent physical or functional inability. Absent a permanent physical impairment, the employee would not meet the statutory criterion of being "unable" to perform work. Indeed, this requirement of a permanent condition is expressed in the Commission's interpretive regulations. *See* Industrial Commission Regulations Part V(B3), 7 Code Colo.Reg. 1101–3, which describes a worker qualified to receive rehabilitation benefits as one who, among other things, "is *permanently* precluded from engaging in his/her usual and customary occupation" (emphasis supplied).

It is true that § 8–49–101(5), C.R.S. (1986 Repl. Vol. 3B), mandates that no determination of an injured employee's *"degree* of permanent partial disability"* be made until he completes any rehabilitation program approved for him. This is so, however, because an award of permanent partial disability benefits to an employee must be based upon several factors, including his reduced earning capacity, and is not to be determined from the extent of his physical or functional impairment alone. *Dravo Corp. v. Industrial Commission*, 40 Colo. App. 57, 569 P.2d 345 (1977). The extent to which a rehabilitation program is successful, therefore, may impact the degree of the employee's permanent disability. *See Martin K. Eby Construction Co. v. Industrial Commission*, 710 P.2d 1164 (Colo. App.1985). Accordingly, this statutory requirement that determination of the *degree* of disability await the exhaustion of rehabilitative efforts does not detract from our conclusion that the existence of *some* permanent physical disability is necessary in order for an employee to be qualified to receive vocational rehabilitation benefits.

Moreover, nothing in *Timberline Sawmill & Lumber, Inc. v. Industrial Commission, supra*, would lead to a contrary conclusion. In that case, we said that there was no inconsistency between a claimant's failure to assert a claim for permanent disability and the assertion of an entitlement to vocational rehabilitation benefits. We specifically noted in *Timberline*, however, that the Commission's award of rehabilitation benefits contained an implicit finding that the injury did, in fact, result in claimant's permanent disability.

■ Here, in contrast, the hearing officer's express finding that the Gates' accident did not result in any permanent disability contained an implicit finding that that accident was not the cause of claimant's inability to perform his previous work. The claimant failed to seek review of either of those findings; they are supported by the record evidence; and they are, therefore, binding upon review. *Timberline, supra.*

Since the hearing officer's order respecting a rehabilitation evaluation was inconsistent with his finding that claimant had

suffered no permanent disability, the Commission properly vacated that order.

The Commission's order is affirmed.

PIERCE and TURSI, JJ., concur.