865 P.2d 877 (1993)
EL PASO COUNTY DEPARTMENT OF SOCIAL SERVICES and Colorado Counties Workers' Compensation PoolEl Paso County, Petitioners,
v.
Audrey A. DONN and The Industrial Claim Appeals Office of the State of Colorado, Respondents.
No. 92CA1611.
Colorado Court of Appeals, Div. I.
July 1, 1993.
Rehearing Denied July 29, 1993.
Certiorari Denied January 10, 1994.
*878 Greengard Senter Goldfarb & Rice, Karen Treece Peterson, Denver, for petitioners.
*879 Cucullu & Pring, Cynthia M. Pring, Colorado Springs, for respondent Audrey A. Donn.
No appearance for respondent Industrial Claim Appeals Office.
Judge PIERCE.
Petitioners, El Paso County Department of Social Services (employer) and Colorado Counties Workers' Compensation Pool-El Paso County (insurer), seek review of a final order of the Industrial Claim Appeals Panel awarding Audrey A. Donn (claimant) temporary total disability benefits. We affirm.
In 1987, claimant sustained injuries in a work-related automobile accident. She returned to work on a part-time basis, but in March 1989, she voluntarily retired from her employment. The Administrative Law Judge (ALJ) found that claimant's retirement severed the causal connection between her wage loss and the compensable injury and ordered the termination of claimant's temporary partial disability benefits from the date of retirement. The Panel affirmed, and, likewise in a previous review, we affirmed the Panel. See Donn v. Industrial Claim Appeals Office, (Colo.App. No. 90CA0840, April 11, 1991) (not selected for official publication).
In December 1991, claimant filed a petition to reopen, alleging that her back condition had worsened. The ALJ found that claimant's back condition had deteriorated significantly by January 1990 and cited medical evidence that claimant's back condition precluded work. The ALJ determined that a petition to reopen was not required because the file had never been closed. Nevertheless, the ALJ granted the petition to reopen and, finding that claimant had proved that her condition was worse, awarded temporary total disability benefits from January 1, 1990, and continuing. The Panel affirmed this portion of the ALJ's second order.

I.
Petitioners contend that because the claim was not yet closed, a reopening was unnecessary and that, therefore, it was error to apply the "worsening of condition" standard applicable to a petition to reopen. We agree, but conclude that any error was harmless.
If an order grants or denies temporary benefits but expressly reserves jurisdiction over other issues, no award has been entered, and thus, no petition to reopen is required. Section 8-43-303, C.R.S. (1992 Cum.Supp.); Brown & Root v. Industrial Claim Appeals Office, 833 P.2d 780 (Colo. App.1991).
The situation here is indistinguishable from that involved in Brown & Root, supra. In that case, the ALJ denied a claim for temporary disability benefits, and, even though only the issue of permanent disability benefits was specifically reserved, we held that no reopening was required when a claimant requested additional temporary disability benefits. Here, when the ALJ denied the claim for temporary disability benefits, jurisdiction was reserved over "all issues not determined herein." The claim was, therefore, not closed and no reopening was required.
In discussing claimant's entitlement to benefits, the ALJ prefaced her analysis with a statement that claimant "met her burden of proof in establishing a worsening of condition, in accordance with C.R.S. 8-43-303." However, the ALJ's subsequent discussion of the matter focused on the causal connection between the industrial injury and claimant's back condition and the evidence supporting causation. See City of Boulder v. Streeb, 706 P.2d 786 (Colo.1985) (claimant has burden of proving that injury arose out of and within course and scope of employment). Thus, even assuming, without deciding, that proving a worsening of condition can somehow be characterized as a lesser burden of proof, we conclude that the ALJ actually held claimant to the usual standard for compensability. Any error, therefore, is harmless and will be disregarded. Section 8-43-310, C.R.S. (1992 Cum.Supp.).

II.
Petitioners also contend that relitigation of claimant's right to temporary disability benefits is barred by the doctrines of collateral *880 estoppel and the law of the case. We disagree.
Collateral estoppel, or issue preclusion, is a derivative of the doctrine of res judicata. Pomeroy v. Waitkus, 183 Colo. 344, 517 P.2d 396 (1974). Both the law of the case and res judicata belong to the same family of principles contemplating the termination of an issue when it arises again in the same case (for law of the case) or in subsequent, related litigation (for res judicata). Verzuh v. Rouse, 660 P.2d 1301 (Colo.App.1982).
These doctrines, however, are useless when determining whether a prior order in a workers' compensation case constitutes an "award" for purposes of reopening. This is so because whenever a party asserts that a claimant's condition has changed since the date of the last order, the issue is necessarily different from the issue previously determined. Brown & Root, supra.
Hence, the Panel did not err in its disposition of this issue. And, contrary to petitioners' argument, the ALJ did consider the issue of the previous litigation of temporary disability benefits. Although the terms "collateral estoppel" and "law of the case" were not used, the ALJ did examine and discount the effect of the previous litigation.

III.
Petitioners next contend that the award of benefits is not supported by applicable law. They argue that claimant's retirement was an intervening event which severed her entitlement to temporary disability benefits and that, therefore, her wage loss flows not from the injury, but from her voluntary relinquishment of employment. We are unpersuaded.
While we agree with the principle that an intervening event can preclude a claimant's receipt of benefits, see Safeway Stores, Inc. v. Husson, 732 P.2d 1244 (Colo. App.1986), claimant's retirement here no longer constituted an intervening event after the date of the ALJ's first order.
Although the ALJ characterized retirement as an intervening event in her first order, she subsequently explained in her second order that an implicit finding in the first order was that claimant could work. Indeed, claimant was only partially disabled at the time of the first order but was totally disabled post-retirement.
When claimant was only partially disabled, her voluntary retirement was an intervening event because she was still capable of working part-time. However, once claimant became totally disabled, retirement no longer had the effect of an intervening act.
Regardless of her retirement, claimant was unable to work at all since January 1990. As the ALJ found, with the support of substantial evidence, claimant's inability to work after the issuance of the first order was because of her injury, not her retirement or failure to attempt work.

IV.
Petitioners also contend that the findings of fact do not support the January 1990 date for reinstatement of temporary disability benefits. We disagree.
Our review of the ALJ's order convinces us that sufficient findings support the order. The ALJ found that claimant testified that her back condition had significantly worsened by December 1989 and that the doctor's opinion, including her June 7, 1991 report, was fully supported by the record. That report provides additional support for the commencement date for temporary disability benefits.
Furthermore, this evidence negates petitioners' related contention that claimant's back condition manifested itself prior to the first order terminating temporary disability benefits.

V.
Petitioners' final contention is that substantial evidence does not support the finding that claimant's back condition was related to the industrial injury and that the findings are contrary to the order. Again, we disagree.
Facts as found by an ALJ, even when based on conflicting evidence, are binding on review if they are supported by substantial evidence. Prestige Homes, Inc. v. *881 Legouffe, 658 P.2d 850 (Colo.1983). The ALJ's determination of causation is one such factual finding which must be upheld if supported by substantial evidence. F.R. Orr Construction Co. v. Rinta, 717 P.2d 965 (Colo.App.1985).
In making these factual findings, it is incumbent upon an ALJ to determine the credibility of witnesses, see Varsity Contractors v. Baca, 709 P.2d 55 (Colo.App.1985), and the ALJ is at liberty to find part, but not all, of a witness' testimony to be credible. Colorado Springs Motors, Ltd. v. Industrial Commission, 165 Colo. 504, 441 P.2d 21 (1968).
Here, the medical reports relied upon by the ALJ, along with claimant's testimony, support the award. Hence, we will not disturb it. See F.R. Orr Construction v. Rinta, supra.
The order of the Panel is affirmed.
STERNBERG, C.J., and MARQUEZ, J., concur.