EXCEL CORPORATION, Petitioner,

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado; Director, Department of Labor and Employment, Division of Workers' Compensation, State of Colorado; and Salvador M. Barron, Respondents.**

No. 93CE0001.

Colorado Court of Appeals,
Div. V.

Sept. 9, 1993.

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Blackman & Levine, Tama L. Levine, Denver, for petitioner.

No appearance for respondents Indus. Claim Appeals Office and Director, Dept. of Labor and Employment.

The Connell Law Firm, Curt Kriksciun, Denver, for respondent Salvador M. Barron.

Opinion by Judge HUME.

In this workers' compensation proceeding, we granted certiorari to address application of the "quasi-course of employment" doctrine, as recognized in *Travelers Insurance Co. v. Savio*, 706 P.2d 1258 (Colo. 1985), to a second injury sustained by a workers' compensation claimant during a trip to obtain medical care or rehabilitation for a compensable injury.

Here, the Industrial Claim Appeals Panel applied the doctrine to affirm the determination of the Administrative Law Judge that an accident in which the claimant, Salvador M. Barron, slipped and fell while leaving a physical therapy session was the natural and proximate result of his original compensable injury. The employer, Excel Corporation, seeks review, and we affirm.

The claimant suffered an admitted industrial injury to his left shoulder and back in 1991 when employed as a hide puller. The employer does not dispute that claimant was receiving reasonable and necessary physical therapy to relieve the effects of a compensable injury when he fell. Nor does it suggest that he was engaged in any intentional misconduct at the time of the fall.

Instead, the employer contends that the claimant failed to prove that the fall was the result of a weakened condition from a compensable injury.' Thus, it argues, the slip and fall was an independent intervening accident which terminates its liability for the claimant's continuing disability and need for medical care. We are not persuaded.

■ The "quasi-course of employment" doctrine applies to activities undertaken by the employee which follow a compensable injury. And, although they take place outside the time and space limits of normal employment and would not be considered employment activities for usual purposes, they are nevertheless related to the employment in the sense that they are necessary or reasonable activities that would not have been undertaken but for the compensable injury. 1 A. Larson, *Workmen's Compensation Law*, § 13.11(d)( (1992).

■ Because an employer is required to provide medical treatment and an injured

employee is required to submit to it, a trip to the doctor's office becomes an implied part of the employment contract. Consequently, when an injured employee suffers additional injuries in the course of a journey to a doctor's office occasioned by a compensable injury, the additional injuries generally are held compensable. 1 A. Larson, *Workmen's Compensation Law* § 13.13 (1992).

■ We agree with the Panel that the "quasi-course of employment" doctrine applies. The dispositive fact is that the claimant was leaving authorized medical treatment, rather than whether he had a weakened condition. This conclusion is followed by a majority of jurisdictions and, in our view, is the better reasoned rule. *See Kodiak Oilfield Haulers v. Adams*, 777 P.2d 1145 (Alaska 1989); *Preway, Inc. v. Davis*, 22 Ark.App. 132, 736 S.W.2d 21 (1987); *Laines v. Workmen's Compensation Appeals Board*, 48 Cal.App.3d 872, 122 Cal. Rptr. 139 (1975); *Little Caesar's Pizza v. Ingersoll*, 572 So.2d 8 (Fla.Dist.Ct.App. 1990); *Taylor v. Centex Construction Co.*,

191 Kan. 130, 379 P.2d 217 (1963); *Case of McElroy*, 397 Mass. 743, 494 N.E.2d 1 (1986); *Font v. New York City Board of Education*, 170 A.D.2d 928, 566 N.Y.S.2d 754 (1991); *Fenton v. SAIF Corp.*, 87 Or. App. 78, 741 P.2d 517 (1987). *But see Street v. Douglas County Road Department*, 160 Ga.App. 559, 287 S.E.2d 586 (1981).

Order affirmed.

DAVIDSON and TAUBMAN, JJ., concur.