**CITADEL MALL and Liberty Mutual Insurance Company, Petitioners,**

**v.**

**The INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado; Virginia A. Campbell; Director, Division of Labor and Subsequent Injury Fund, Respondents.**

No. 93CA2099.

Colorado Court of Appeals, Div. IV.

Sept. 8, 1994.

Rehearing Denied Oct. 20, 1994.

Certiorari Denied April 3, 1995.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

Hall & Evans, L.L.C., Alan Epstein, Gregory M. Cornell, Denver, for petitioners.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jeanne Labuda, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office; Director, Div. of Labor and Subsequent Injury Fund.

No appearance for Virginia Campbell.

420

Opinion by Judge HUME.

Petitioners, Citadel Mall and Liberty Mutual Insurance Company, seek review of an order of the Industrial Claim Appeals Office (Panel) in which the Panel refused to find the Subsequent Injury Fund (SIF) liable for a portion of the permanent total disability benefits payable to the claimant. We set the order aside and remand with directions.

Claimant, Virginia A. Campbell, sustained an admitted compensable injury in June of 1985, while employed by Citadel Mall, and was awarded temporary total disability benefits. After claimant was subsequently found eligible for vocational rehabilitation benefits, an on-the-job training (OJT) vocational rehabilitation plan was developed to train claimant as a reception clerk for the OJT employer. Claimant was to receive an offer of fulltime employment with the OJT employer if she successfully completed the training program. Citadel's insurer agreed to pay a portion of claimant's wages while she was in training, and the remaining portion of her wages was to be provided by the OJT employer.

Claimant suffered a second injury in July of 1988, when a chair broke, causing her to fall while engaged in training at the OJT employer's premises. The claimant was thereafter found permanently and totally disabled as the result of the two injuries. However, the Administrative Law Judge (ALJ) refused to impose SIF liability, determining that the second injury was not separately compensable because it was caused by her participation in the rehabilitation program provided by Citadel.

Upon review, the Panel initially determined that claimant had indeed sustained two industrial injuries, reversed the order, and remanded the claim with directions that the ALJ apportion liability for the two injuries between Citadel and the SIF. On remand, Citadel and the SIF stipulated to a fifty percent liability apportionment to each, and the SIF was accordingly ordered to pay fifty percent of the permanent and total disability benefits due claimant. The SIF appealed, and the Panel affirmed the ALJ's

order, adhering to its own earlier ruling and remand.

Thereafter, relying on *Excel Corp. v. Industrial Claim Appeals Office*, 860 P.2d 1393 (Colo.App.1993), the Panel issued a corrected order, which vacated the apportionment and reinstated the ALJ's original order finding but one compensable injury and declining to hold the SIF liable for any portion of claimant's benefits. This corrected final order determined that claimant's second injury did not constitute a separate compensable event for purposes of SIF liability.

■ Citadel now argues that, under the facts here, claimant's permanent total disability resulted from a subsequent injury for which the SIF should assume proportional liability. We agree.

In *Excel Corp., supra*, the court determined that, under the "quasi-course of employment" doctrine, a second injury sustained by a workers' compensation claimant when leaving physical therapy prescribed to treat a prior compensable injury was similarly compensable. Since the second injury arose from claimant's necessary or reasonable employment-connected activities undertaken as the result of the first compensable injury, the second injury was not an independent intervening event that would relieve the employer from further liability.

This case, unlike the circumstances in *Excel Corp.*, involves a second and subsequent employment relation between claimant and the OJT employer. Here, the claimant stopped working for Citadel when it was determined that she was physically unable to meet the demands of that employment because of her injuries. Thereafter, her only relation with Citadel was in pursuit of a rehabilitative training program that was partially funded by Citadel's insurer. The OJT employer was actually receiving the benefit of and partially paying for claimant's secretarial services at the time of her second injury.

In addition, the second injury occurred on the premises of the OJT employer, while claimant was using that employer's equipment or furniture. While no compensation claim has been asserted or adjudicated against the OJT employer, it is at least arguable that a claim for benefits could lie against that employer under the facts appearing here.

In any event, claimant's injury did not result solely from or because of her continuing rehabilitative relationship with Citadel. Rather, it resulted from a dual or hybrid employment relationship pursuant to which claimant was engaged in rehabilitative employment involving two separate employers. Under these circumstances, we conclude that the Panel erred in applying the *Excel Corp.* rule to preclude a determination that the second injury was not a separately compensable incident for purposes of SIF liability.

Section 8–46–101(1), C.R.S. (1993 Cum. Supp.) provides:

> In a case where an employee has previously sustained permanent partial industrial disability and in a subsequent injury sustains additional permanent partial industrial disability and it is shown that the combined industrial disabilities render the employee permanently and totally incapable of steady gainful employment and incapable of rehabilitation to steady gainful employment, then the employer in whose employ the employee sustained such subsequent injury shall be liable only for that portion of the employee's industrial disability attributable to said subsequent injury, and the balance of compensation due such employee on account of permanent total disability shall be paid from the subsequent injury fund as is provided in this section.

The purpose of the SIF is to provide added opportunities for employment to partially disabled workers. *See City & County of Denver v. Industrial Commission*, 690 P.2d 199 (Colo.1984).

■ Under the statute, if a worker's permanent total disability has been caused by the combination of two or more injuries, liability is apportioned, and the SIF is available for contribution when the claimant's permanent total disability results from a combination of previous and subsequent industrial disabilities. *General Iron Works v. Industrial Commission*, 719 P.2d 353 (Colo.App. 1985).

Arguably, under the circumstances appearing in this case, compensation for the portion of disability caused by the second injury could be attributable to and apportioned between Citadel and the OJT employer because of the hybrid nature of claimant's employment following the first injury. However, that issue is not before us. Nevertheless, because we conclude that there were two separate compensable injuries, the SIF is obligated to pay the balance not attributable to the subsequent injury.

Here, since no claim has been asserted against the OJT employer, and because no challenge has been made to the stipulated apportionment between Citadel and the SIF, we do not address the apportionment agreed upon between the parties.

The order is set aside, and the cause is remanded to the Panel for reinstatement of the October 26, 1993, order apportioning the relative obligations for liability compensation between Citadel and the SIF in accord with the parties' stipulation.

DAVIDSON and PIERCE *, JJ., concur.