The CITY OF COLORADO SPRINGS, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE of The State of Colorado and Harold Ballinger, Respondents.

No. 96CA1893.

Colorado Court of Appeals, Div. II.

Nov. 13, 1997.

Rehearing Denied Dec. 11, 1997.

Certiorari Denied May 11, 1998.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, Sec. 5(3), and

24–51–1105, C.R.S.1997.

Cross, Bennett & Hessel, LLC, Chad J. Hessel, Colorado Springs, for Petitioner.

Alexander & Ricci, William A. Alexander, Jr., Colorado Springs, for Respondent Harold Ballinger.

No Appearance for the Industrial Claim Appeals Office.

Opinion by Judge CRISWELL.

The City of Colorado Springs, a self-insured employer, (employer) seeks review of a final order of the Industrial Claim Appeals Office (Panel) upholding the award of temporary total disability (TTD) benefits to Harold Ballinger (claimant) by the Administrative Law Judge (ALJ). We set aside the order.

As the Panel noted, the basic facts relevant to the issue presented here are undisputed.

Claimant sustained an admitted industrial injury to his back in October 1992. He reached maximum medical improvement (MMI) in September 1993.

As part of claimant's ongoing therapy, his treating physician prescribed the use of an exercise machine. Some four months after reaching MMI, claimant's use of this machine caused him to develop tendinitis in his shoulders. Nevertheless, the ALJ found, with record support, that this latter condition did not result in any further physical restrictions and that there was no credible evidence that this condition caused any greater temporary wage loss than claimant sustained as a result of his initial back injury alone. Initially, therefore, in an order of January 19, 1995, the ALJ denied the claim for further TTD benefits.

Upon its review of this initial order, the Panel set it aside and remanded the cause to the ALJ. In doing so, it concluded that, because claimant had not reached MMI with respect to his shoulder condition, claimant had (apparently as a matter of law) sustained a further "wage loss" entitling him to additional TTD benefits.

Consonant with this conclusion, the ALJ, upon remand, determined that claimant was entitled to receive TTD benefits, recommencing as of the date of his second injury. The Panel affirmed this award, and the employer appeals from that affirming order.

■ The employer argues that claimant is not entitled to further TTD benefits because he failed to demonstrate any actual temporary loss of wages caused by the shoulder injury. We agree.

■ The purpose of TTD benefits awardable under § 8–42–105, C.R.S.1997, is to compensate for and protect against the actual *temporary* wage loss attributable to an industrial injury. *Manor v. Industrial Claim Appeals Office,* 881 P.2d 443 (Colo.App.1994); *see also Lunsford v. Sawatsky,* 780 P.2d 76 (Colo.App.1989).

■ In contrast, it has long been recognized that, once a claimant's condition has stabilized and no further physical improvement can be anticipated, *i.e.,* the claimant has reached MMI, any *temporary* wage loss ceases. At that point, if the claimant is still unable to return to the previous normal work, an actual wage loss may, of course, continue to occur. However, that continuing loss is now *permanent* and is to be compensated by the claimant's receipt of *permanent* benefits under § 8–42–107, C.R.S.1997, not by the continued payment of TTD benefits under § 8–42–105. *See Golden Animal Hospital v. Horton,* 897 P.2d 833 (Colo.1995) (present statute's reference to MMI merely incorporates long-standing concept used to determine when temporary disability ends and permanent disability starts); *Dziewior v. Michigan General Corp.,* 672 P.2d 1026 (Colo.App.1983).

■ Further, even if the claimant's condition has not stabilized, so that the present condition is not permanent, if claimant is able to return to work and is, therefore, no longer suffering a temporary wage loss as a result of the injury, entitlement to TTD benefits also ceases at that time. *Safeway Stores, Inc. v. Husson,* 732 P.2d 1244 (Colo.App. 1986).

The present statute incorporates all of these concepts.

■ To qualify for TTD benefits under § 8–42–105, a claimant must establish three conditions: (1) the industrial injury caused the disability; (2) the injured employee left work as a result of the injury; and (3) the temporary disability is total and lasts for more than three working days. *PDM Molding, Inc. v. Stanberg,* 898 P.2d 542 (Colo. 1995).

Once a claimant establishes that the industrial injury is causing a temporary wage loss, that claimant is entitled to receive TTD benefits until: (1) the claimant reaches MMI; (2) the treating physician releases the claimant to return to regular employment; (3) the claimant actually returns to regular or modified employment; or (4) the treating physician authorizes a return to modified employment, the employer offers such employment to the claimant, but the claimant fails to begin that employment. Section 8–42–105(3), C.R.S.1997.

Here, it is undisputed that claimant's initial injury caused him to become totally, but temporarily, unable to perform his regular job. Hence, he became entitled to receive, and did receive, TTD benefits until the occurrence of one of the four conditions prescribed by § 8–42–105(3). However, one of those conditions occurred in September 1993, when his treating physician determined that claimant had reached MMI and rated him for a permanent partial impairment under § 8–42–107.

Then, more than three months later, claimant suffered a further industrial injury to a separate part of his body. But, while the evidence reflects that he had not fully recovered from that injury as of the time of the hearing before the ALJ, the ALJ found that there was no credible evidence that this second injury resulted in any increased physical restrictions. Hence, this second injury was not the cause of any additional *temporary* wage loss.

Given this uncontested finding of fact, the basis for the Panel's determination that, upon suffering the second injury, claimant was again entitled to TTD benefits is not clear.

Its opinion seems to suggest that claimant's second injury, which occurred more than one year after his first injury, must be considered as only a "worsening" of claimant's initial condition. On this basis, the Panel said that, because the "claimant's condition was no longer stable [as a result of the second injury], the [employer's] entire rationale for the [previous] termination of temporary disability benefits [some three months before that injury occurred] ceased to be justified." Hence, it said, claimant was not required to establish that his "worsened condition" (second injury) actually caused any wage loss. He was required, it concluded, to establish only that he had not reached MMI with respect to his worsened condition.

We conclude that there is no proper basis for the Panel's conclusion.

 First, it is difficult to understand how a separate injury to an entirely distinct body part, occurring more than one year after the first injury, can be considered to be a "worsening" of the condition caused by the original injury. However, even under such an analysis, the "worsening" of an original condition after a claimant reaches MMI does not itself entitle a claimant to renewed TTD benefits, unless the worsened condition causes an additional temporary loss of wages. *See El Paso County Department of Social Services v. Donn*, 865 P.2d 877 (Colo.App.1993) (worsened condition entitled claimant to TTD benefits because it rendered her totally disabled, rather than only partially disabled as was initially the case).

 While the fact that the second injury resulted from treatment for the first injury may require that the impairments resulting from both be considered together in determining claimant's degree of *permanent* impairment, *see Sanders v. General Motors Corp., Chevrolet Assembly Plant*, 137 Mich. App. 456, 358 N.W.2d 611 (1984), it has no relevance upon the question of his entitlement to further TTD benefits.

We conclude, therefore, that claimant's shoulder injury, whether considered as a

worsened condition or as a new injury, caused no greater impact upon claimant's *temporary* work capability than he had originally sustained as the result of the injury to his back. Hence, under this record, claimant failed, as a matter of law, to demonstrate any entitlement to further TTD benefits.

The order of the Panel is set aside, and the cause is remanded to it with directions to enter an order consistent with the findings and conclusions adopted by the ALJ in his order of January 19, 1995.

DAVIDSON and PIERCE*, JJ., concur.